■ JOANNA F. TORRELLA, Respondent, v. ANTON J. M. TORRELLA, Appellant. — Action by a wife for separation on the ground of cruelty (1st cause of action) and for an adjudication that her husband has no interest in certain real property, title to which is in both names as tenants by the entirety, and

for reformation of the deed accordingly (2d cause of action). The appeal is from the judgment entered after trial granting the relief prayed for in the complaint. Judgment modified on the law and the facts by striking therefrom the sixth, seventh and eighth decretal paragraphs, and by substituting therefor a provision that the second cause of action be dismissed on the merits. As so modified, judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings will be made as indicated herein. The proof adduced in support of the first cause of action is sufficient to support the determination as to that cause. In our opinion, however, the proof adduced in support of the second cause of action is not sufficient to support the determination as to that cause. Although such proof shows that respondent furnished the cash for the purchase of the property, appellant and she jointly executed the purchase-money bond and mortgage, and title to the property was taken in both names as tenants by the entirety. There is no claim that appellant promised to convey his interest to the respondent upon her demand. The proof also establishes that after the purchase respondent had no separate income, that the income from the property was insufficient to pay all the charges against it, that appellant was employed and that portions of his earnings were applied to the charges against the property, that appellant obligated himself by borrowings for the purpose of satisfying such charges and that he made repairs to the premises. The proof further shows that respondent urged that her son be given an interest in the property and that in lieu thereof she induced appellant to execute and deliver to her a promissory note in her favor for $6,000. The total facts do not authorize nor move a court of equity to divest appellant of his title to the realty and enrich respondent unjustly. (Cf. *Williams* v. *Williams*, 4 A D 2d 793 and cases cited therein.) Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ. Settle order on notice.